UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MULTIMATIC, INC.

       Plaintiff,

                                       Case No. 05-60120

v.                                    Hon. John Corbett O'Meara

FAURECIA INTERIOR SYSTEMS
USA, INC.,

       Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Multimatic is a Canadian automotive parts supplier, and Defendant Faurecia Interior Systems is an Auburn Hills Tier I automotive interior supplier. Multimatic engaged in discussions with Faurecia regarding plans to supply Faurecia with an instrument panel cross car beam for a DaimlerChrsyler vehicle and shared certain design details with Faurecia. Multimatic filed this lawsuit on May 26, 2005, alleging that Faurecia disclosed Multimatic's designs to a competitor, in violation of a confidentiality agreement between the parties. Multimatic filed a motion for a preliminary injunction to enforce the confidentiality agreement at the time of the complaint. Faurecia filed a response on June 14, 2005. Both parties filed supplemental briefs on June 30, 2004. The court heard evidence and argument on July 6 and 7, 2005. Having considered the written submissions and the testimony, the court is prepared to make a ruling. For the following reasons, Plaintiff's Motion for Preliminary Injunction is denied.

**Background**

In January, 2004 Multimatic and Faurecia began working together on a cross car beam for an instrument panel to supply to DaimlerChrysler.  Faurecia and Multimac executed a confidentiality agreement on February 5, 2004.  The agreement allowed the parties to exchange proprietary "Sensitive Information" to facilitate production of the cross car beam.  The agreement provided:

> The receiving party agrees that it will use the Sensitive Information of the disclosing party only in connection with the Instrument Panel Structural Assembly Arrangement and that it will not directly or indirectly otherwise use or exploit the Sensitive Information of the disclosing party.  Unless the disclosing party otherwise agrees in writing, the receiving party agrees to keep all Sensitive Information of the disclosing party confidential and not to disclose or reveal any Sensitive Information to any third party during the life of this Agreement and for a period of 3 years after termination of this Agreement.

"Sensitive Information" was defined as

> "proprietary confidential information pertaining to its businesses and customers and . . . technical information relating to its products, designs, and services, including compositions, raw materials, formulations, additives, components, production processes, plant layout, engineering concepts and designs, analysis models and results, know-how, and other intellectual or industrial property, which is generally not available to the public."

In April 2004, Multimatic gave Faurecia cross car beam information to use to produce the instrument panel system.  From May to October, Multimatic and Faurecia worked together to change the baseline design.  At the same time, Multimatic claims it was working independently on another design for an instruments panel named the "Mass Savings Design."  In November 2004, Multimatic presented the Mass Savings Design to Faurecia as an alternative to the original design.  Faurecia approved the design, and the parties subsequently had a number of

2

communications by letter and email.  Faurecia issued purchase orders for prototypes of the

design.  Faurecia claims that out of these susbsequent communications and purchase orders, a

contract was formed that transferred ownership of the Mass Savings Design to Faurecia.

After a dispute about pricing, Faurecia decided to seek other production sources for the

cross car beam.  It requested a quote from Brown Corporation, one of Multimatic's competitors.

Multimatic claims that Faurecia disclosed the Mass Savings Design to Brown in violation of the

confidentiality agreement.

### Law and Analysis

Multimatic seeks a preliminary injunction which prevents Faurecia from taking any

action inconsistent with its confidentiality obligations to Multimatic and orders Faurecia to

return to Multimatic any and all manifestations of the Mass Savings Design.  In considering a

motion for a preliminary injunction, the court considers four factors - whether the movant has

established a substantial likelihood of success on the merits, whether the movant will suffer

irreparable injury if the injunction does not issue, the effect of the injunction on third parties, and

whether the public interest would be served by issuance of the injunction.  Frisch's Restaurant,

Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1985).  The court has determined that the

first two factors are dispositive of this motion.  See Six Clinics Holding Corp., II v. CAFCOMP

Systems, Inc., 119 F.3d 393, 399 (6th Cir. 1997).

Multimatic has not established a substantial likelihood of success on the merits.  Very

complicated factual disputes exist regarding the alleged contractual relationships between the

two parties.  These disputes are more appropriately litigated in a full trial, not a motion for a

preliminary injunction.  Multimatic may very well prevail in a trial, but it has not at this point

established a substantial likelihood of success on the merits.

Multimatic has also failed to demonstrate that irreparable injury will ensue if an injunction is not granted.  In this case, the alleged disclosure of information has already occurred.  Multimatic has not established that a risk of any additional future injury exists.  Moreover, Multimatic has not established that money damages would not be adequate compensation for any alleged breach of the confidentiality agreement.

Accordingly, **IT IS HEREBY ORDERED** that Multimatic's May 26, 2005 Motion for Preliminary Injunction is **DENIED**.

Date: August 01, 2005
           s/John Corbett O'Meara
           John Corbett O'Meara
           United States District Judge

Certificate of Service

I hereby certify that on August 01, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Kevin Hirsch, Thomas Schank, Steven Susser, and Rodger Young.

           s/William J. Barkholz
           For Case Manager Denise Goodine