UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MULTIMATIC, INC.,
a Canadian corporation,

      Plaintiff/Counter-Defendant,         Case No. 05-60120

v.         Hon. John Corbett O'Meara

FAURECIA INTERIOR SYSTEMS
USA, INC., a Delaware corporation,

      Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING FAURECIA'S MOTION FOR
CERTIFICATION OF INTERLOCUTORY DECISION**

      Before the court is Faurecia Interior Systems USA Inc.'s Motion for Certification of Interlocutory Decision, filed March 27, 2007.  Plaintiff, Multimatic, Inc., filed a brief in opposition on April 10, 2007.  Faurecia seeks to appeal the court's decision to dismiss one of its counterclaims on summary judgment.  Faurecia requests that the court certify the dismissal of its trademark infringement counterclaim as a final judgment pursuant to Fed. R. Civ. P. 54(b).  Alternatively, Faurecia argues that the court should certify this interlocutory decision for appeal pursuant to 28 U.S.C. § 1292(b).

      On February 26, 2007, the court issued an order that granted summary judgment in favor of Plaintiff on Faurecia's counterclaims, granted summary judgment in favor of Plaintiff on Count I of its complaint, and granted in part and denied in part Faurecia's motion for summary judgment.  Faurecia seeks to appeal the dismissal of its trademark infringement claim, only.

      Faurecia has not demonstrated that a piecemeal appeal of one of its counterclaims is appropriate under either Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b).  There is no basis for the

court to determine that there is "no just reason for delay" under Rule 54(b). See Corrosioneering, Inc. v. Thyssen Environ. Sys., Inc., 807 F.2d 1279, 1282 (6th Cir. 1986) (noting that cases should not be certified under Rule 54(b) routinely, but "only in the infrequent harsh case"); General Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026-27 (6th Cir. 1994) (finding that district court abused its discretion in certifying matter for appeal).

Further, the Sixth Circuit has emphasized that "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993). "To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Id.

The court is not persuaded that this is an exceptional case that is appropriate for review under § 1292(b). Faurecia has not demonstrated how an immediate appeal of the dismissal of only one of its counterclaims would materially advance the ultimate termination of this litigation. Faurecia has also not demonstrated that there is "substantial ground for difference of opinion" respecting the correctness of the court's decision to dismiss its counterclaim.

Accordingly, IT IS HEREBY ORDERED that Faurecia's March 27, 2007 Motion for Certification of Interlocutory Decision is DENIED.

s/John Corbett O'Meara
United States District Judge

Dated: April 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 13, 2007, by electronic and/or ordinary mail.

                                                 s/William Barkholz
                                                 Case Manager